WILLIAM M. BAILEY, Trustee, & others, *vs.* ARNOLD BURGES & others.

B. conveyed certain real estate to C. S. B., "his heirs and assigns," to hold to him, "his heirs and assigns," upon·certain trusts, among others "upon further trust, *from time to time, as and when the said trustees shall deem it expedient,* to sell or mortgage the whole or any part of said trust premises, to lay out and invest the moneys to arise from any sale or mortgage, under the preceding powers, in the name of the said trustee, in good stocks, or mortgages of real estate, or in the erection of suitable buildings on the premises belonging to said trust or on some part thereof, and, from time to time, to change, to alter, and vary such investments for others of a like nature, *at his discretion.*" *Held,* that the power of sale and reinvestment given C. S. B. by the above clause was a special discretionary power, and that it did not devolve upon a new trustee appointed by the court.
The deed also provided that in case the income of said trust estate should prove insufficient for the payment of the expenses of the trust, &c., and the comfortable maintenance and support of B's wife, "then the said trustee is authorized and directed to make sale of, or to mortgage, some portion or all of the trust property, discharged of the trusts herein contained, and to apply the proceeds arising from said mortgages or sales to the purposes aforesaid." *Held,* that any trustee under said deed might from time to time sell so much of the estate as might be necessary, or might mortgage the whole or any portion of said trust estate to produce an amount reasonably necessary to suffice for the support of B.'s wife, and might apply the proceeds of such sale or mortgage to such support, but that he had no power to sell for reinvestment, and no power of reinvestment except to ·invest such surplus proceeds as might from time to time be in his hands, for the purpose of obtaining interest thereon, till needed for the wife's support.

BILL IN EQUITY, to obtain the instructions of the Supreme Court as to the powers and duties of William M. Bailey, as trustee under a deed of trust originally made by Tristam Burges to Charles S. Bradley, under which the said William M. Bailey had been appointed trustee upon the resignation of the said Bradley. The case was first argued and determined at the March Term,

1871, of the court for this county. A reargument was had and a second opinion delivered confirming the first, at the March Term, 1872. Application having been made for further instructions the particulars of which will be found hereinafter stated, a third opinion was delivered at the March Term, 1873. The proceedings in the case are so closely connected that it has seemed best to report them all together as if all taking place at the present term of the court.

The question argued at the first hearing, and the clause of the deed of trust whose construction it was sought to obtain, are fully set out in the opinion of the court.

*Markland*, for the trustee, contended that the new trustee had all the powers of the former one, citing 1 Sugden on Powers, 153.

*James Tillinghast*, for Mrs. Sarah W. Burges, cited *Ives* v. *Harris*, 7 R. I. 416 ; *Shelton* v. *Homer*, 5 Met. 462 ; *Tainter* v. *Clark*, 13 Met. 220 ; *Montgomery* v. *Milliken*, 5 S. & M. 151 ; *Hall* v. *Irwin*, 7 Ill. 176 ; *Commonwealth* v. *Roxbury*, 9 Gray 451 ; *Minot* v. *Prescott*, 14 Mass. 496 ; *Stevens & Wife* v. *Winship*, 1 Pick. 318 ; Hill on Trustees, 478–9.

*Bliss*, for Richard J. Burges, one of the respondents, and a son of Tristam Burges, contended that the income of the trust property was sufficient for the proper maintenance of Mrs. Burges, and that if it should be found that the income was insufficient therefor, the interest of all parties would be promoted by the sale of the unproductive real estate and an investment of the proceeds, so that the income of the fund might be used for the support of Mrs. Burges, leaving the principal unimpaired for her children on the death of their mother.

DURFEE, J. By deed dated March 13, 1862, Tristam Burges conveyed certain real estate to " Charles S. Bradley, his heirs and *assigns*," to hold to him, " his heirs and *assigns*," upon the trusts therein declared, among which are the trusts declared in the words following, to wit : —

" In trust to enter into the possession of said premises, and receive and take the rents, issues, and profits thereof ; with full, power and authority to the said trustee to cultivate or to lease the same, or any part thereof, from year to year or otherwise, and at or under such yearly or other rent, as to him shall seem reasonable, and generally to manage and order all the affairs and

business of or relating to the said trust premises. And upon further trust, *from time to time as and when the said trustee shall deem it expedient,* to sell or mortgage the whole or any part of said trust premises, to lay out and invest the moneys to arise from any sale or mortgage, under the preceding powers, in the name of the said trustee, in good stocks, or mortgages of real estate, or in the erection of suitable buildings on the premises belonging to said trust, or on some part thereof ; and from time to time to change, alter, and vary such investments for others of a like nature, *at his discretion.* And upon further trust, after the payment of all the expenses of or incident to the said trust premises and the management of the same, as aforesaid, together with a reasonable compensation to the said trustee for his services, to pay or apply the residue of the income of said trust premises and the investments aforesaid, to or for the comfortable and honorable maintenance and support of my said wife, for and during her natural life. And in case the said income shall, at any time, prove insufficient for the purposes aforesaid, then the said trustee is hereby authorized and directed to make sale of or to mortgage some portion of or all of the trust property, discharged of the trusts herein contained, and to apply the proceeds arising from such mortgages or sales to the purposes aforesaid."

In 1863 Charles S. Bradley was discharged by this court, on his own application, from the trust, and William M. Bailey was appointed in his place ; and thereupon the said Bradley, by deed dated February 2, 1864, released all his interest in said trust estate to said Bailey.

The bill alleges that said Bradley and Bailey have sold portions of said estate in execution of the trust, and that the income of what remains of the estate, after the payment of expenses and taxes, is insufficient for the comfortable and honorable support of the said wife of said Burges, and that for that purpose the trustee is obliged, from time to time, to encroach upon the principal. The bill also alleges that the remaining real estate can be advantageously sold, and that if it is sold and the proceeds are properly invested, a sufficient income can be obtained to prevent or greatly reduce further encroachments on the principal fund, and preserve the same for the other trusts under the deed.

In view of this situation of the trust, we are asked to decide,

Bailey *v.* Burges.

for the guidance of the new trustee, whether he succeeded to the powers of sale and reinvestment which were conferred upon the original trustee.

The question is, whether a power given to a trustee to sell the trust estate and reinvest the proceeds, "from time to time, as and when the said trustee shall deem it expedient," is a power which is personal to the trustee, or a power which, as being annexed to the trust itself, would pass therewith to his successor. In Lewin on Trusts, p. 533 (see also p. 712), it is said that it seems that special discretionary or arbitrary powers will not pass to new trustees appointed by the court; *Doyley* v. *Atty. Gen.* 2 Eq. Ca. Abr. 194; *Fordyce* v. *Bridges,* 2 Phil. 497; *Newman* v. *Warner,* 1 Sim. N. S. 457; *Cole* v. *Wade,* 16 Ves. 44, 47; *Hibbard* v. *Lambe,* Amb. 309; unless they be limited to the trustees for the time being; *Bartley* v. *Bartley,* 3 Drew. 384; or be otherwise by fair construction annexed to the office. *Byam* v. *Byam,* 19 Beav. 66. The cases cited in illustration of the rule are chiefly cases where the power given was a power to select the beneficiaries of the trust or to apportion the trust estate among them. Undoubtedly a higher degree of personal confidence is implied in the giving of such a power than in the giving of a discretionary power to sell and reinvest, inasmuch as the exercise of the last named power affords less room for the play of personal feeling. But is this such a difference as will warrant a different rule of construction? We think not; for the difference is rather circumstantial than intrinsic. A discretionary power of either kind is liable to abuse, and with the utmost good faith might be differently exercised by different minds; which we presume is the reason why, in the absence of controlling words, such power is held to be personal. The learned counsel who argued in favor of the continuance of the power in the present trustee has not referred to any case in which it is held that among special discretionary powers there are some which are to be construed as official, and others which are to be construed as personal; nor, if such a construction were possible, has he suggested any safe criterion by which we could distinguish the official from the personal, and we do not think any such case can be found, or any such criterion suggested.

In *Belote* v. *White,* 2 Head (Tenn.), 703, a power given to

three trustees or any two of them or the survivor, to sell the whole or any part of the trust estate, and to vest and revest the proceeds, and to manage the whole in any way they might think would promote the interest and comfort of the beneficiary, was held to be a discretionary power which would not pass to a new trustee appointed by the court.

In *Tainter* v. *Clark*, 13 Met. 220, a testator empowered his executor " to sell and convey such of my property as in his judgment will best promote the interest of all concerned" for certain purposes declared in· the will. The executor named declined to act. The administrator with the will annexed sold by virtue of the power, and the sale was declared void by the Supreme Court of Massachusetts, their opinion being, although they also gave another reason for their decision, that the power given implied a personal confidence. See *Ives* v. *Harris*, 7 R. I. 413, and Hill on Trustees, 211, 472, 495.

We think the power given to the trustee in the case at bar· was a special discretionary power, and that such a power, in the absence of words denoting a contrary intent, does not devolve upon a new trustee appointed by the court.

It is contended that an intent on the part of the author of the trust, that the power should pass with the estate, may be inferred from the fact that the estate is granted to the trustee named, his heirs and *assigns*, to hold the same to himself, his heirs and *assigns*, upon the trusts therein declared. We do not think, however, that the use of the word " assigns," in the connection in which it is used, can properly be held to denote such an intent. If the power had been expressed to be exercisable by the trustee named, his heirs and assigns, when he or they should think it expedient, then indeed there would be no difficulty in holding it to have passed; *Cole* v. *Wade*, 16 Ves. 45; but unhappily for the argument, while the estate is granted to the trustee, his heirs and assigns, the power is given to be exercised only at the discretion of " the said trustee." In order that the power might still continue available we should have to construe the words, " the said trustee," to mean the trustee for the time being, which we do not think we could do consistently with the precedents.

We regret that we do not find in the trust deed any words to enable us to decide in favor of the existence of a power, which

could in this particular case, we doubt not, be exercised very much to the advantage of all the *cestuis que trust;* but we feel constrained by the weight of authority to hold that it became extinct upon the resignation of the trustee to whom it was especially confided.

Upon the other questions submitted to us in this case we deem it unnecessary to express an opinion, for, even if the trustee is entitled to instruction from the court in the matters covered by them, no exigency is disclosed which calls for such instruction at present.

After the rendition of the foregoing opinion, the case was re-argued as above stated.

*Markland,* for the trustee.

*James Tillinghast,* for Mrs. Sarah W. Burges.

*Bliss,* for respondents.

DURFEE, J. We delivered an opinion in this case at a former term, but, the trustee being desirous of a further hearing, the case has been reargued by the parties by mutual consent. The reargument turns mainly upon three points, which we will briefly consider.

1. We will first consider the point, now first deliberately urged, that the trust to sell or mortgage and reinvest, &c., is not a discretionary trust, to be executed or not as the trustee may think best, but an imperative trust which he is bound to execute, discretion being given him only to decide how and when he will execute it. The deed of trust may bear this construction, but we conclude, from the fact that it did not occur to us at the former hearing, that it is not the obvious construction; and, after having carefully considered the deed, we are not prepared to adopt it. The trust is a trust to sell *or mortgage* all or *any part* of the trust estate, and to use the proceeds for reinvestment or for the improvement of the trust estate, such sale or mortgage to be made from time to time, as and when the trustee shall deem it expedient. Such a trust seems hardly capable of being construed as an imperative trust, which the trustee is bound to execute whether he thinks best or not. If the trust were imperative, it would be executed by the sale or mortgage of *any part* of the estate, and at any time; for the purposes of the trust do not call

for money in any particular amount or at any particular time. We suppose the design of the provision was to enable the trustee to manage the estate to the best advantage. If the trustee should think it better to sell and reinvest than to leave the estate to rise in value from the growth of the city, he could do so; if he should think it better to raise money by mortgage and improve the estate by the erection of suitable buildings, he could do that; and if he should think it better to leave the estate to be enhanced in value by the rapid growth of the city, he could do that; for in that contingency the time when he would deem it expedient to sell or mortgage would never come. The discretion given was a large discretion, and, for its proper exercise, called for great prudence and sagacity on the part of the trustee. In reply to this view, it may be said that the author of the trust had it mainly in view, not to accumulate a large property for his children, but to provide for the comfortable and honorable maintenance of his wife. This is true, and a subsequent clause of the deed not only authorizes but directs the trustee to sell all or any part of the trust estate for her maintenance, if the income should prove insufficient. It is, therefore, the more reasonable to suppose that the first mentioned trust was designed principally for the advantage of the estate, and only incidentally for the benefit of the wife; and in this view, was left to be executed or not, according to the discretion of the trustee; while the subsequent trust, which is expressed to be for her maintenance, is imperative, there being no discretion except as to the mode of its execution. We must therefore determine, what we took for granted at the former hearing, that the trust in question is not an imperative but a discretionary trust or power.

2. The counsel for the trustee is of the opinion that the deed of trust contains language, overlooked by the court, which shows an intention on the part of the grantor that the trust or power to sell for reinvestment should not be confined to the original trustee, but should go with the estate to his successors. The language referred to is contained in the preamble and other parts of the deed. The preamble is as follows: " Whereas my wife, Sarah W. Burges, has heretofore, at my request, released her right of dower in and to certain valuable estates upon which I have executed mortgages to the Warwick Institution for Savings,

Jackson & Butts, Samuel G. Arnold, and Patience Gerauld, as well as in certain other lands, which said releases were made upon the promise and understanding upon my part to place the property hereinafter described in trust for the benefit of my said wife in manner hereinafter appearing." The preamble discloses the considerations which influenced the making of the deed, and that its primary purpose was the benefit of the maker's wife; but we do not perceive that it affords any guidance in the question before us. If the continuance of the trust or power were necessary to secure the benefit intended for the wife, or if the trust or power were expressly designed for that purpose, then indeed the preamble might strengthen the argument in favor of its continuance resting upon the intention of the grantor. But the trust or power does not appear to be either necessary or to have been expressly designed to secure the maintenance of the wife, there being, as we have seen, another trust, imperative in its character, which was expressly designed for that purpose. The other language to which the counsel refers shows that it was intended that the trustee should be invested with important duties and should have large powers, but does not, in our opinion, throw any helping light upon this particular point. We quite agree indeed with the counsel for the trustee that, in order to ascertain the intention of the grantor upon this subject, we are not necessarily to look for particular forms of expression or at particular parts of the deed, but to seek for it in the deed as a whole, and, if so looking, we find that he intended the trust to continue, we are to give effect to the intention. Looking at this deed in that way, we do not find any sufficient evidence of the intention of the grantor that the trust in question should follow the devolution of the estate from the original trustee to his successors, and we must therefore hold that the trust is subject to the rule, which is ordinarily applicable to a discretionary trust or power, where no such intention is expressed or implied.

3. A third ground upon which the counsel for the trustee asks for a revision of our opinion is, that we have overlooked, or not duly appreciated, certain cases explanatory of the rule in regard to discretionary trusts or powers and its application. We took the rule as stated in Lewin on Trusts to be the rule fairly deducible from the cases. We find that in the recent work of Mr.

Perry, which appears to be a work of wide and careful research, the rule is stated in the same manner. He says : " Where the court appoints new trustees, it cannot communicate arbitrary or discretionary powers to them, unless the instrument of trust confers such powers upon the trustees for the time being, or they are annexed to the office." Perry on Trusts, § 503. The rule seems to be well settled ; it is in its application that the difficulty arises, in ascertaining when the discretion is to be construed as annexed to the office. In *Byam* v. *Byam*, 19 Beav. 58, it is said that when the power is conferred upon the trustees, " not in their individual character, but in their character of trustees, the power will belong to the trustees for the time being." If the case means that the power will go with the office unless it is so given that it may be exercised by the donee thereof, even though he does not assume the office, we do not think the case is in keeping with other cases on the subject; if it means less than this, it does not relieve the difficulty, for the question still recurs, by what criterion shall we determine whether the discretion is given to the trustee in his individual or official character. At the former hearing we were of the opinion that, where the trust or power is of such a nature that it may be executed or not at the discretion of the trustee, it will not go to the new trustee in the absence of any language in the instrument of trust indicating that such was the maker's intention. And still, though not disposed to be tenacious of this opinion, we think it is in accordance with the rule deducible from the cases. The rule of course does not apply to a case where the discretion is inseparably united to a trust which is imperative, for in such a case the *cestuis que trust* are entitled to have the trust executed at all events ; and some of the cases cited by the counsel for the trustee are cases of this kind, and therefore not in point as authorities in the case at bar in the view which we have taken of it.

The counsel for the trustee suggests, at the close of his written argument, that the trustee has, under another clause of the deed of trust, the same power which he wishes to exercise under the clause which we have considered. The suggestion raises a question which has not been discussed, and which, without discussion, it would be premature to decide. We now simply reaffirm the opinion, formerly expressed, in regard to the particular provision

of the deed of trust which has been discussed as the provision upon which the instruction of the court is desired.

*Decree.* An interlocutory decree was thereupon entered, essentially as follows : —

" This cause came on to be heard, &c., and thereupon, upon consideration thereof, this court doth ascertain and declare that in view of the general purpose of the grantor, Tristam Burges, as it appears from the whole of the deed of trust from him to Charles S. Bradley, dated March 13, 1862, in the complainants' bill of complaint mentioned, the clause of said deed, in the words, — ' And upon further trust, from time to time, as and when the said trustee shall deem it expedient, to sell or mortgage the whole or any part of said trust premises, to lay out and invest the moneys to arise from any sale or mortgage under the preceding powers in the name of the said trustee, in good stocks or mortgages of real estate, or in the erection of suitable buildings on the premises belonging to said trust, or on some part thereof, and, from time to time, to change, alter, and vary such investments, for others of a like nature, at his discretion,' is to be deemed and taken to be a special discretionary power which said Burges intended should be had and exercised by said Bradley only ; and therefore, upon the resignation of said Bradley of the trusteeship created by the said deed, the power given or limited to him by the said clause became wholly ended and determined, and did not pass to or devolve upon the complainant, William M. Bailey, as new trustee, under said deed, appointed by this court. And it is ordered that the bill be retained, with liberty to either of the parties to apply for further directions, as well in relation to the question whether the said Bailey, as such new trustee as aforesaid, can or may lawfully sell or mortgage the whole or any part of the trust estate, for the purpose of reinvestment, under or by virtue of the provisions of any other power contained in said deed of trust, as in relation to all other questions in the cause still remaining undetermined."

After the rendition of the last opinion, the trustee applied for the instructions of the court, as to the time when, and the manner in which the powers and duties created by the clause of the deed referred to at the close of the last foregoing opinion, prop-

erly could or ought to be carried into effect. This clause is set out in the *first* opinion delivered in this case, *supra*, p. 424, and is comprised in the last sentence of the extract from the deed of trust there found.

*Markland*, for the trustee.

*James Tillinghast*, for Mrs. Sarah W. Burges.

BRAYTON, C. J. The deed of trust provides that the trustee appointed should have power, in his discretion and when he should deem it expedient, to sell the whole of the trust property and reinvest it, to change and alter from time to time, and vary the investments for others in his discretion. The power was purely discretionary in the trustee originally appointed, and he was to apply the income from the property unsold, and such as might be changed and reinvested by the trustee, after paying the expenses incident to the trust, including his own compensation, to the comfortable and honorable maintenance and support of the wife of the settler during her natural life. This the trustee might do, though the income should be sufficient for the comfortable and honorable maintenance of the wife without the necessity of selling, or changing the investment. The power, as this court has heretofore determined, could not be exercised by the present trustee, but was a power confided solely to the discretion of the trustee originally appointed. But it is now made a question whether the present trustee who has succeeded to the trust may not, under another provision in the deed, sell, and convert and reinvest the trust property, as the original trustee might have done under the provision formerly considered. The provision now under consideration, after providing that, after payment of the expenses incident to the trust and the management of the same, and the compensation to the trustee, he should apply the residue of the income of the trust property to and for the comfortable and honorable maintenance and support of the wife for and during her natural life, further provides as follows : " In case the said income shall at any time prove insufficient for the purposes aforesaid, then the said trustee is authorized and directed to make sale of, or to mortgage some portion of, or all of the trust property, discharged of the trusts herein contained, and to apply the proceeds arising from such mortgages or sales to the purposes aforesaid."

Bailey v. Burges.

The settler in this case was providing for a contingency, namely, that the income of the trust property out of which alone he has before directed that his wife should be provided for and maintained should fail, or cease to be sufficient for her honorable maintenance. In that event the trustee was not merely authorized and empowered, but he was directed, whenever that event might happen, to supply that deficiency by a resort to the *corpus* of the trust property, and to see that she had that honorable support so long as any of the estate remained ; and for this purpose, and for this only, he empowered and directed him to sell, or, if he thought it more expedient, to mortgage the estate, or so much thereof as might be needful for such support, — so much that the proceeds of the sale or mortgage might be sufficient for the maintenance of the wife. There is nothing said here of reinvestment. That does not seem to have been in the contemplation of the settler. He seems only to have had in view the honorable support of his wife by means of the income of the trust estate, and when the income ceased to be sufficient to furnish such support, to sell the trust estate, and apply the proceeds of such sale to such support, or to do the same thing by way of mortgage.

The trustee may not think it best to sell, but more expedient to raise the necessary means of support by mortgage, and for this purpose may mortgage the whole estate, all the trust property ; but it is the proceeds of the mortgage, the moneys received upon the mortgage, that are to be applied, and not to be invested to raise income while the proceeds as such are still held in trust. He may mortgage the whole or a part for such sums as may be reasonable and necessary to obtain the proceeds called for. It would not be material. It would be but a lien for the amount of proceeds received. If it be upon the whole, he might execute a second mortgage for further sums, to be expended as they might be required.

Whatever power of reinvestment the trustee may have or exercise is merely incidental to the sale, and the application of the proceeds of the sale he may make. The sale and mortgage is not for the purpose of reinvestment. But the expenses of maintenance are continually going on, continually called for, yearly, monthly, daily. Sales cannot be made for every payment called

for.   Moneys must be to some extent raised in advance, provided beforehand to meet those expenses, and this from necessity.   The trustee, when a sale is necessary, must and may exercise a discretion how much may be reasonable and necessary to be provided beforehand so as to be in proper time applied.   These proceeds while unapplied the trustee will keep, make the most of them, and derive income therefrom as he can obtain interest, as it would be his duty to do.   We do not see that the trustee could do more.                                               *Decree accordingly.*